IN THE MATTER OF
ELIA ASAIVAO, ADOPTEE, aka ELIA MOTU,
Appellant

v.

IMMIGRATION BOARD,
GOVERNMENT OF AMERICAN SAMOA,
Appellee

No. 81-1974

High Court of American Samoa

Civil Jurisdiction, Appellate Division

December 2, 1974

A motion regularly came on to be heard before me for an order to show cause why the Immigration Board's decision ordering the above petitioner deported should not be stayed during the pendency of this appeal. At that time, the question of the authority of Mr. Tamalemalo Puailoa to prosecute this appeal as the representative of the petitioner was raised. I reach the following conclusion.

The High Court of American Samoa has four divisions, Trial, Land and Titles, Probate, and Appellate. See Title 5 A.S.C. § 402 (1973). The Code provides that the Chief Justice has the exclusive power *either* to admit a qualified person as an attorney-at-law to practice *generally* in any of these divisions *or* to admit a qualified person as an agent to represent parties in the courts in matai or land title or other *special* classes of cases only. Title 5 A.S.C. § 202(d) (1973). The latter provision of the Code provides that even though a person may not be qualified to be admitted as an attorney-at-law, the Chief Justice *may* admit the person as an agent to represent parties in land and title cases or other special classes of cases *only* if that person is qualified to adequately represent such parties.

Title 26 A.S.C. § 1 (1973) states, inter alia, that the Chief Justice has the power to adopt reasonable rules and regulations regarding admission. Rule 8 of the Rules of Admission promulgated by the Chief Justice gives effect to § 202(d), supra, by allowing limited licenses to persons, who meet the prescribed qualifications, to represent clients as "Practitioners" before the Family Law and Land and Titles Divisions of the High Court. Section 202(d) provides persons may be admitted as agents to represent parties in land and titles cases; Rule 8 allows Practitioners to practice in the Land and Titles Division. Section 202(d) provides persons may be admitted as agents to represent parties in "other special classes of cases only"; Rule 8 allows Practitioners to practice before the "Family Law"

Division. There is no "Family Law" Division per se. Rather family law cases are brought in the Trial Division. Implicitly, Rule 8 therefore allows Practitioners to prosecute family law cases in the Trial Division, the term "family law cases" being strictly limited to matters of divorce and adoption, as has customarily been the case.

██ Mr. Puailoa has been admitted as a Practitioner. Rule 13 of the Rules of Practice provides, inter alia: "Only admitted and active members of the bar may practice law, and only in accordance with the general grant for Attorneys and Counselors at Law, or the limited license for Practitioners Before the Family Law, Land and Titles Divisions of the High Court." Mr. Puailoa has filed this action in the Appellate Division whereas, as a Practitioner, he is licensed to practice only in the Land and Titles Division. This Court cannot countenance a violation of its own rules; nor can it or will make special exceptions for any person. To do so would be manifestly unfair to other members of the bar who must practice in conformance with the Rules of Admission and would render the Rules themselves meaningless.

██ The limited license of a Practitioner does not entitle or authorize him to practice in the Appellate Division. It is well settled that proceedings in a suit by a person not entitled to practice are a nullity, and the suit may be dismissed. *Niklaus v. Abel Construction Company*, 83 N.W.2d 904, 911 (Neb. 1957) citing 7 C.J.S. Attorney and Client § 16, page 725. But latter court stated that dismissal of proceedings for such a cause is a drastic remedy and may not be required in all cases. The Court is going to give the petitioner in this case and the petitioners in App. No. 80-74 (wherein a similar infirmity exists—an appeal from the Immigration Board's decision of deportation was filed in the Appellate Division by a Practitioner) to avoid dismissal. An order will immediately issue in both cases

requiring the petitioners to substitute an Attorney as counsel of record or to show cause why they have not done so. Of course, if they choose, these petitioners may represent themselves since, unwise as it might be to do so, anyone may represent himself in a court. If that is their intention, it should be made known at the hearing of the order to show cause scheduled in the accompanying order for Wednesday, December 18, 1974 at 10:00 A.M. in the Courthouse at Fagatogo. But they cannot be represented by another person who is not licensed to practice in that Court or division. Such is the law.